FILED
U.S. DISTRICT COURT

2000 APR 28  A 10: 02

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERRY L. CROWELL                              CIVIL ACTION

VERSUS                                        NO. 00-1024

SHERIFF CHARLES FOTI, JR.                     SEC. "B"(5)

### INCORPORATED REASONS, ORDER AND JUDGMENT

Before the Court are the Magistrate Judge's Report and Recommendation and *pro se* Plaintiff's response to the latter recommendation.

The Magistrate Judge and Plaintiff, a state court prisoner formerly in defendant's custody, properly characterize this §1983 pauper complaint as a monetary claim for lost personal property.

In his response to the Magistrate Judge's Report and Recommendation, Plaintiff states: "Because of this mistake in filing into this (federal) Court, Plaintiff asks the Court to allow him to withdraw the §1983 action in this Court in order that he can file his claim in the proper state remedy, Civil District Court,

DATE OF ENTRY
APR 2 8 2000

Fee_____
Process___
X Dktd____
_ CtRmDep__
Doc.No.__5

Orleans Parish."

The randomly negligent or intentional deprivation of a prisoner's property by a state actor does not amount to a constitutional violation where state law provides an adequate and available remedy. *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3104 (1984); *Hines v. Boothe*, 841 F. 2d 623 (5th Cir. 1988). The Magistrate Judge correctly found that Louisiana provides relief for the conduct alleged here, citing LSA-C.C. Art. 2315. Additionally, the named defendant, Sheriff Foti cannot be held liable under federal law, §1983, for the random, unauthorized acts of his subordinate employees. *Wesson v. Oglesby*, 910 F. 2d 283-84 (5th Cir. 1990).

### ORDER AND JUDGMENT

Based on the Magistrate Judge's report and recommendation and the Plaintiff's response to same, **IT IS ORDERED AND ADJUDGED** that the captioned §1983 action against Sheriff Charles C. Foti, Jr. is **DISMISSED**. Plaintiff, as requested, should seek available relief in the appropriate state court for alleged state law violations.

New Orleans, Louisiana, this 27th day of April, 2000.

_____
UNITED STATES DISTRICT JUDGE